438 July 8, 2026 No. 661

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. A. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G. S.,
*Appellant.*

Marion County Circuit Court
25JU04149; A189652

Manuel Perez, Judge.

Submitted May 21, 2026.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

PER CURIAM

Remanded for entry of a corrected judgment omitting jurisdictional basis 4G, otherwise affirmed.

**PER CURIAM**

In this juvenile dependency case, father appeals a judgment taking jurisdiction over child under ORS 419B.100(1)(c). Father challenges only jurisdictional basis 4G, which provided that "[t]he father does not understand the basic needs of his child and lacks parenting skills necessary to safely parent the child, placing the child at risk of harm." Father does not challenge jurisdictional basis 4E concerning domestic violence.

"[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Jurisdiction under ORS 419B.100(1)(c) requires evidence of conditions or circumstances presenting a current threat of serious loss or injury to the child. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013). The state must establish a nexus between the allegedly risk-causing conduct and a current, nonspeculative risk of harm existing at the time of the hearing. *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014).

Here, DHS concedes that "the evidence was legally insufficient to prove that father did not understand [J's] basic needs and lacked the parenting skills necessary to safely parent [J]." We accept that concession. The evidence concerning father's parenting abilities consisted primarily of testimony that father once attempted to remove child from a car seat before fully unbuckling child, although father subsequently learned to use the car seat properly, and testimony that father struggled on one occasion to soothe child during a visit. The evidence regarding the parents' use of whey protein supplementation further established that the issue had been resolved by the time of the hearing. On this record, the evidence was legally insufficient to establish that father's parenting skills presented a current threat of serious loss or injury to child at the time of the hearing.

Remanded for entry of a corrected judgment omitting jurisdictional basis 4G, otherwise affirmed.